## Bartholomae & Roesing Brewing & Malting Company, Appellant, v. Helen Modzelewski and Brun Modzelewski, Appellees.

### Gen. No. 20,289.

INJUNCTION, § 210*—*when reversal of interlocutory order and award of damages to defendant proper.* The rulings made in *Bartholmae & Roesing Brewing & Malting Co. v. Modzelewski*, 183 Ill. App. 352, reversing an order for an interlocutory injunction *pendente lite* adhered to and an award of damages for the wrongful suing out of the injunction, affirmed.

Appeal from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed March 29, 1915.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; GEORGE A. KELLY, of counsel.

No appearance for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

In this cause an interlocutory order for an injunction *pendente lite* was reversed by this court on December 12, 1913. 183 Ill. App. 352. There was a formal order dissolving the injunction also in the court below, and on a suggestion of damages an award of $250 as and for damages of the defendants for the wrongful suing out of said injunction was assessed against the complainant. As the other questions in the case had been apparently disposed of by the Appellate Court in the decision referred to, the bill was then dismissed for want of equity.

An appeal was thereupon taken from the final decree, which included the assessment of damages, to the Appellate Court, and is now before us for disposition.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bartholomae & R. B. & M. Co. v. Modzelewski et al., 192 Ill. App. 162.

Apart from the question of the propriety of the judgment for $250 for damages for the wrongful suing out of the injunction, which upon consideration of the record we see no error in, there is nothing in the cause to be considered by us additional to or different from the questions which were presented to us in the former appeal.   We therefore affirm the judgment of the Superior Court, and refer to our opinion in the former appeal, reported, as before stated, in 183 Ill. App. 352. We still think the distinctions which we made in that opinion correct and are still of the opinion that no case in this State has gone so far as to sustain the contention of the complainant in its full extent.   The establishment of that contention, as we said before, would turn over to courts of equity and to their summary processes for the enforcement of their orders, including fine and imprisonment, the practical supervision of the specific performance of any personal contract for the future purchase or sale of commodities or the rendition of services in the future, if only there were added to the affirmative agreement a supplementary negative one that the intending purchaser would not buy the commodity from, or the intending employee would not perform the services for, any other person than the contractee.

*Affirmed.*